UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MEUTHA LEWIS,

      Plaintiff,

CASE NO.

vs.

NATIONWIDE ASSURANCE COMPANY,

      Defendant.
_____/

## **NOTICE OF REMOVAL**

The Defendant, Nationwide Assurance Company ("NAC"), pursuant to 28 U.S.C. § 1446 and 28 U.S.C. § 1332, removes the above-captioned action from the Circuit Court of the 20th Judicial Circuit in and for Hendry County, Florida, to this Court, and as grounds states:

### I.    THE STATE COURT ACTION

1. On or about 3/17/25, the Plaintiff, Meutha Lewis ("Lewis"), filed this breach of a business insurance policy case against NAC in circuit court in the 20th Judicial Circuit in Hendry County, Florida, Case No. CACE-25-3961 (the "State Court Action"). In accordance with 28 U.S.C. § 1446(a), copies of all process, pleadings and orders filed in the State Court Action are attached hereto as Composite Exhibit "A".

2. Upon information and belief, at all material times, including at the time the case was filed and at the time of removal, Lewis has been a citizen of New Jersey.

3. At all material times, including at the time the case was filed and at the time of removal, NAC has been a Wisconsin company with its principal place of business is located in Ohio. NAC is therefore a citizen of Wisconsin and Ohio.

4. On 3/31/25, NAC was served with Lewis' complaint in the State Court Action. NAC first received the Complaint when it was served with it.

5. The complaint filed in the State Court Action seeks monetary damages in excess of $50,000. *See* the complaint ¶ 1.

6. Prior to suing, Lewis served detailed $73,914.42 damages estimate and ,mitigation invoices totaling $12,833.09. *See* the estimate and invoices attached as Exhibit "B". These combined total $86,747.51; more than $75,000 even after subtracting the $10,320 deductible. Lewis also seeks statutory attorney's fees. Thus, the amount in dispute exceeds $75,000.00 exclusive of interest and costs.

## II. STANDARD OF REVIEW

7. Removal is appropriate upon a showing that there is complete diversity of citizenship and the amount in controversy exceeds $75,000.00, exclusive of interest, costs, and attorney's fees. 28 U.S.C. § 1332.

8. Where removal is sought on the basis of jurisdiction conferred by 28 U.S.C. §1332, the amount in controversy is the sum demanded in the initial pleading, except where the state practice permits recovery of damages in excess of the amount demanded. 28 U.S.C. § 1446 (c)(2)(A).

9. Where the state practice either does not permit or demand for a specific sum or permits recovery of damages in excess of the amount demanded in the initial pleading,

removal is proper where the Court finds, by a preponderance of the evidence, that the amount in controversy exceeds $75,000.000, exclusive of interest and costs. 28 U.S.C. § 1446 (c)(2)(B). That is the case here based upon the damages sought and the policy's deductible.

10. The notice of removal shall be filed within 30 days after the defendant receives an initial pleading. 28 U.S.C. § 1446 (b).

### III. THIS NOTICE OF REMOVAL IS TIMELY AND PROPER

11. Lewis is a citizen of New Jersey. NAC is a citizen of Wisconsin and Arizona. There is complete diversity of citizenship, and has been at all times from the date the complaint was filed through the present date. By filing this Notice of Removal, NAC consents to the removal of this case from state to federal court.

12. Where a complaint alleges that damages exceed a Florida circuit court's jurisdictional minimum of $50,000, removal is appropriate upon a showing by a preponderance of the evidence that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See generally Village Square Condominium of Orlando, Inc. v. Nationwide Mut. Fire Ins. Co*. 2009 U.S. Dist. LEXIS 115564 (M.D. Fla. Dec. 10, 2009).

13. Lewis's estimate and invoices total $86,747.51. *See* B. After subtracting the deductible, the amount in controversy exceeds $75,000 exclusive of interest and costs. Note that although unnecessary to exceed the jurisdictional threshold, the statutory attorneys' fees Lewis claims also count toward the amount in controversy. *DO Restaurants v. Aspen Specialty Ins. Co.*, 948 F. Supp. 2d 1342, 1345 (S.D. Fla. 2013); *Mirras v. Time Ins. Co.*, 578 F. Supp. 2d 1351, 1352-53 (M.D. Fla. 2008).

14. As the Notice of Removal was filed within thirty days of 3/31/25 and involves a controversy in excess of $75,000 and citizens of different states, removal is proper.

15. Pursuant to 28 U.S.C. § 1446(d), written notice of the removal of this action will be promptly served on the Lewis's counsel, and a Notice of Removal is simultaneously being filed with the Clerk of the Circuit Court in and for Hendry County, Florida

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP

    */s/ Joseph V. Manzo*
    Joseph V. Manzo
    Florida Bar No. 52309

1085958\324675583.v1

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on April 30, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and copies shall be served via email upon the following

Kevin Weisser, Esq.
Weisser Elazar & Kantor, PLLC
800 E. Broward Blvd.
Suite 510
Ft. Lauderdale, FL  33301
Telephone: 954-486-2623
Facsimile: 954-572-8695
kw@weklaw.com
jk@weklaw.com
service@weklaw.com
*Counsel for Lewis*

        HINSHAW & CULBERTSON LLP

        /s/ *Joseph V. Manzo*
        Joseph V. Manzo
        Florida Bar No. 52309
        2525 Ponce de Leon Blvd., 4th Floor
        Coral Gables, FL 33134
        Telephone: 305-358-7747
        Facsimile: 305-577-1063
        jmanzo@hinshawlaw.com
        eriesgo@hinshawlaw.com
        jhodges@hinshawlaw.com
        *Counsel for NAC*