## FORM 1.997. CIVIL COVER SHEET

The civil cover sheet and the information contained in it neither replace nor supplement the filing and service of pleadings or other documents as required by law. This form must be filed by the plaintiff or petitioner with the Clerk of Court for the purpose of reporting uniform data pursuant to section 25.075, Florida Statutes. (See instructions for completion.)

### I. CASE STYLE

IN THE CIRCUIT/COUNTY COURT OF THE <u>TWENTIETH</u> JUDICIAL CIRCUIT,
IN AND FOR <u>HENDRY</u> COUNTY, FLORIDA

<u>MEUTHA LEWIS</u>
Plaintiff

Case # _____
Judge _____

vs.
<u>NATIONWIDE ASSURANCE COMPANY</u>
Defendant

### II. AMOUNT OF CLAIM

Please indicate the estimated amount of the claim, rounded to the nearest dollar. The estimated amount of the claim is requested for data collection and clerical processing purposes only. The amount of the claim shall not be used for any other purpose.

- ☐ $8,000 or less
- ☐ $8,001 - $30,000
- ☐ $30,001- $50,000
- ☒ $50,001- $75,000
- ☐ $75,001 - $100,000
- ☐ over $100,000.00

### III. TYPE OF CASE
(If the case fits more than one type of case, select the most definitive category.) If the most descriptive label is a subcategory (is indented under a broader category), place an x on both the main category and subcategory lines.

**CIRCUIT CIVIL**

☐ Condominium
☒ Contracts and indebtedness
☐ Eminent domain
☐ Auto negligence
☐ Negligence—other
    ☐ Business governance
    ☐ Business torts
    ☐ Environmental/Toxic tort
    ☐ Third party indemnification
    ☐ Construction defect
    ☐ Mass tort
    ☐ Negligent security
    ☐ Nursing home negligence
    ☐ Premises liability—commercial
    ☐ Premises liability—residential
☐ Products liability
☐ Real Property/Mortgage foreclosure
    ☐ Commercial foreclosure
    ☐ Homestead residential foreclosure
    ☐ Non-homestead residential foreclosure
    ☐ Other real property actions

☐ Professional malpractice
    ☐ Malpractice—business
    ☐ Malpractice—medical
    ☐ Malpractice—other professional
☐ Other
    ☐ Antitrust/Trade regulation
    ☐ Business transactions
    ☐ Constitutional challenge—statute or ordinance
    ☐ Constitutional challenge—proposed amendment
    ☐ Corporate trusts
    ☐ Discrimination—employment or other
    ☐ Insurance claims
    ☐ Intellectual property
    ☐ Libel/Slander
    ☐ Shareholder derivative action
    ☐ Securities litigation
    ☐ Trade secrets
    ☐ Trust litigation

**COUNTY CIVIL**

☐ Small Claims up to $8,000
☐ Civil
☐ Real property/Mortgage foreclosure

☐ Replevins
☐ Evictions
    ☐ Residential Evictions
    ☐ Non-residential Evictions
☐ Other civil (non-monetary)

**COMPLEX BUSINESS COURT**

This action is appropriate for assignment to Complex Business Court as delineated and mandated by the Administrative Order.  Yes ☐ No ☒

    **IV.    REMEDIES SOUGHT** (check all that apply):
    ☒ Monetary;
    ☐ Nonmonetary declaratory or injunctive relief;
    ☐ Punitive

    **V.    NUMBER OF CAUSES OF ACTION:** [ ]
(Specify)

    <u>1</u>

    **VI.    IS THIS CASE A CLASS ACTION LAWSUIT?**
        ☐ yes
        ☒ no

    **VII.    HAS NOTICE OF ANY KNOWN RELATED CASE BEEN FILED?**
        ☒ no
        ☐ yes If "yes," list all related cases by name, case number, and court.

    **VIII.    IS JURY TRIAL DEMANDED IN COMPLAINT?**
        ☒ yes
        ☐ no

    **IX.    DOES THIS CASE INVOLVE ALLEGATIONS OF SEXUAL ABUSE?**
        ☐ yes
        ☒ no

I CERTIFY that the information I have provided in this cover sheet is accurate to the best of my knowledge and belief, and that I have read and will comply with the requirements of Florida Rule of Judicial Administration 2.425.

Signature: <u>s/ Kevin Weisser</u>                    Fla. Bar # <u>98828</u>
        Attorney or party                              (Bar # if attorney)

<u>Kevin Weisser</u>              <u>03/17/2025</u>
(type or print name)            Date

IN THE CIRCUIT COURT OF THE TWENTIETH JUDICIAL CIRCUIT
IN AND FOR HENDRY COUNTY FLORIDA

MEUTHA LEWIS,

    Plaintiffs,

vs.                                                      CASE NO: 25CA148

NATIONWIDE ASSURANCE COMPANY,

    Defendant.
_____/

SUMMONS

*THE STATE OF FLORIDA*
**TO EACH SHERIFF OF THE STATE:**

YOU ARE COMMANDED to serve this Summons and a copy of the Complaint, First Interrogatories, Deposition, Request for Admissions, Request for Production, or Petition in this action on INSURANCE COMMISSIONER pursuant to F.S. 48.151

*By Serving:*

NATIONWIDE ASSURANCE COMPANY
Insurance Commissioner
State of Florida
PROCESS SECTION
200 East Gaines Street
Tallahassee, Florida 32399

Each defendant is required to serve written defenses to the Complaint, First Interrogatories, Deposition, Request for Admissions, Request for Production, or Petition on Sapir Elazar, Counsel for the Plaintiffs, Weisser Elazar & Kantor, PLLC, 800 E Broward Blvd., Ste 510, Fort Lauderdale, FL 33301 within twenty (20) days after service, of this summons on that defendant exclusive of the day of service, and to file the original of the Defenses with the clerk of this Court either before service on Plaintiffs' attorney or immediately thereafter. If a defendant fails to do so, a Default will be entered against that Defendant for the relief demanded in the complaint or petition.

CLERK OF THE COURT

BY: _____, Deputy Clerk    DATE: March 18, 2025.

IN THE CIRCUIT COURT FOR THE TWENTIETH JUDICIAL CIRCUIT IN AND FOR
HENDRY COUNTY, FLORIDA                              CIVIL ACTION

Plaintiff(s), **Meutha Lewis**

vs.                                            CASE NO: **25CA148**

Defendant(s), **Nationwide Assurance Company**

## STANDING ORDER IN CIRCUIT CIVIL CASES IN THE
## TWENTIETH JUDICIAL CIRCUIT

PURSUANT to Florida Rule of Civil Procedure 1.200(a), Florida Rule of Judicial Administration 2.545, and Administrative Order 1.13 (as amended) entered by the Chief Judge of this Circuit, the parties are ordered to adhere to the following information and procedures applicable to civil lawsuits:

1. **SERVICE OF THIS ORDER.** The Plaintiff is directed to serve a copy of this order with each Summons issued in this case. One copy of this Order is to be filed with the Clerk of the Circuit Court with proof of service. The Plaintiff shall pay the appropriate statutory clerk's fees for copies for each Standing Order issued and attached to the Summons.

2. **CIVIL CASE MANAGEMENT SYSTEM.** The Supreme Court of Florida has established guidelines for the prompt processing and resolution of civil cases. This Court has adopted a case management system to help meet those guidelines. In contested cases (other than residential foreclosures, involuntary commitment of sexually violent predators, Extraordinary Writs, 90 day Notice of Medical Malpractice Claim, and Administrative Appeals), the parties are required to participate in the case management system. The parties shall submit an Agreed Case Management Plan within 60 days after service of the action upon the responding party. Failing that, the Court shall schedule a case management conference with notice to all parties. If the parties fail to either file their required Case Management Plan or fail to appear at the Case Management Conference, then the Court shall issue a Case Management Plan which shall be binding on all parties unless amended by further order of the Court. The form of the Agreed Case Management Plan may be accessed at the Court's website at: http://www.ca.cjis20.org/web/mainlcivil.asp. If a case management conference is scheduled, attendance by trial counsel and those parties who are not represented by counsel is mandatory.

3. **ALTERNATIVE DISPUTE RESOLUTION (ADR).** ADR provides parties with an out-of-court alternative for settling disagreements. The Court requires the parties to participate in ADR prior to trial. Mediation is mandatory unless the parties agree to another form of ADR. Mediation is a conference at which an independent third party attempts to arrange a settlement between the parties. The Court, at its discretion, may order the case be referred to Non-Binding Arbitration. Non-Binding Arbitration is the process in which the court refers a case to a registered arbitrator, or panel of arbitrators, who will hear evidence and make an award which may become a final judgment if a Motion for Trial De Novo is not timely filed pursuant to Fla. R. Civ. P. 1820(h).

4. **FAILURE TO PROSECUTE.** The Court will issue a Notice of Intent to Dismiss a case if there is no record of activity within a ten (10) month period of time.

5. **RULES OF PROFESSIONALISM.** The Twentieth Judicial Circuit has adopted Administrative Order 2.20, which sets forth standards of professional courtesy and conduct for all counsel practicing within the Circuit and self-represented litigants. The Court requires that all parties familiarize themselves and comply with Administrative Order 2.20. Administrative Order 2.20 may be viewed on the Court's website at: http://www.ca.cjis20.org/web/main/ao_admin.asp

DONE AND ORDERED at LaBelle, Hendry County, Florida, on June 24, 2021.

Administrative Judge, James D. Sloan

2



| | |
|---|---|
| MEUTHA LEWIS | **CASE #:** 25000148CAAXMX<br>**COURT:** CIRCUIT<br>**COUNTY:** HENDRY |
| PLAINTIFF(S) | **DFS-SOP #:** 25-000084799 |

*25-000084799*

VS.

NATIONWIDE ASSURANCE COMPANY

DEFENDANT(S) _____/

SUMMONS, COMPLAINT, DISCOVERY

# NOTICE OF SERVICE OF PROCESS

NOTICE IS HEREBY GIVEN of acceptance of Service of Process by the Chief Financial Officer of the State of Florida. Said process was received in my office by ELECTRONIC DELIVERY on Thursday, March 27, 2025 and a copy was forwarded by ELECTRONIC DELIVERY on Monday, March 31, 2025 to the designated agent for the named entity as shown below.

NATIONWIDE ASSURANCE COMPANY
LYNETTE COLEMAN
1201 HAYS STREET
TALLAHASSEE, FL 32301

*Our office will only serve the initial process (Summons and Complaint) or Subpoena and is not responsible for transmittal of any subsequent filings, pleadings, or documents unless otherwise ordered by the Court pursuant to Florida Rules of Civil Procedure, Rule 1.080.

Jimmy Patronis
Chief Financial Officer

ARIE BRUK, ASSISTANT
WEISSER ELAZAR & KANTOR, PLLC
800 EAST BROWARD BLVD, SUITE 510
FORT LAUDERDALE , FL 33301

JM1

IN THE CIRCUIT COURT OF THE 20TH JUDICIAL CIRCUIT IN AND FOR HENDRY COUNTY, FLORIDA

MEUTHA LEWIS,

    Plaintiff,

CASE NO. 25000148CAAXMX

v.

NATIONWIDE ASSURANCE COMPANY,

    Defendant.

_____/

## NAC'S MOTION FOR EXTENSION OF TIME

    The Defendant, Nationwide Assurance Company ("NAC"), moves pursuant to Fla. R. of Civ. P. 1.090(b)(1) for an extension the time to respond to the Plaintiff's complaint, and as grounds states:

    NAC retained its underlying counsel recently to represent it in this case, and is in the process of obtaining documents necessary for counsel to properly respond to the complaint on its behalf. NAC therefore requires additional time to respond, and requests a 20-day extension. This request is made in good faith, is not intended to delay these proceedings, and the Plaintiff will not be prejudiced by the granting of this motion. NAC has attempted to confer with counsel but has not yet reached him, and will attempt to resolve the motion prior to bringing it before the Court for hearing. By filing this motion, it does not waive any potential defenses in the case.

    WHEREFORE, NAC requests that the Court enter an Order granting a 20-day extension of time for NAC to respond to the complaint and for any further relief deemed just.

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on April 21, 2025, a true and correct copy of the foregoing was E-Filed via Florida Courts eFiling Portal and sent automatically to:

Kevin Weisser, Esq.
Weisser Elazar & Kantor, PLLC.
800 East Broward Boulevard
Suite 510
Ft. Lauderdale, Florida 33301
kw@weklaw.com
jk@weklaw.com
service@weklaw.com
*Attorney for Plaintiff*

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo, Esq.
Florida Bar No. 52309
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
jhodges@hinshawlaw.com
*Attorney for Defendant*