UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MEUATHA LEWIS,

    Plaintiff,

vs.

CASE NO. 2:25-cv-355-JLB-NPM

NATIONWIDE ASSURANCE COMPANY,

    Defendant.
_____/

## NAC'S MOTION TO COMPEL JOINING AN INDISPENSABLE PARTY OR ALTERNATIVELY TO DISMISS

The Defendant, Nationwide Assurance Company ("NAC"), moves to compel the Plaintiff, Meautha Lewis, to add as named plaintiff an indispensable party, Yvonne Wilson, pursuant to Fed. R. Civ. P. 19(a)(2) or alternatively to dismiss the complaint [DE 1-1] pursuant to Fed. R. Civ. P. 12(b)(7), and as grounds states:

This is an action for alleged breach of an insurance policy, No. ACPBP-15934665524, and incorporates the policy by reference. *See* DE 1-1 ¶ 2. Lewis is the sole named plaintiff. The policy, however, lists multiple named insureds including Yvonne Wilson. *See* the Schedule of Named Insureds attached as Exhibit "A".

Named insureds under the policy are indispensable. *Rodriguez v. GeoVera Spec. Ins. Co.*, 2018 U.S. Dist. LEXIS 165485, *3-4 (S.D. Sept. 24, 2018) (because a nonparty has an interest in the policy and the insurer could be subject to double or inconsistent obligations if sued by that nonparty later, the third party is indispensable). When a nonparty is indispensable, the Court has two options: (1) compel the named Plaintiff to add additional named insureds as a plaintiff

pursuant to Fed. R. Civ. P. 19(a)(2), or (2) dismiss the complaint pursuant to Fed. R. Civ. P. 12(b)(7). *Id.* The Court should utilize the first option unless joinder of the indispensable party is not feasible. *Id.*; *citing Davis v. Raymond*, 2013 U.S. Dist. LEXIS 68392 (S.D. Fla. May 14, 2013) and *EuroSillas, C.A. v. Citigroup, Inc.*, 2012 U.S. Dist. LEXIS 9237 (S.D. Fla. Jan. 26, 2012).

NAC believes that Wilson is a New Jersey citizen and therefore adding her is feasible, and therefore requests that the Court compel adding her as a plaintiff. In the event it is not feasible, however, the Court should dismiss the complaint. Requiring NAC to defend this case where, even if it prevails, another insured can file suit again and seek the same relief would be improper and unjust. Fed. R. Civ. P. 19(a).

WHEREFORE, NAC requests that the Court compel Lewis to add Wilson as a plaintiff, alternatively to dismiss the complaint, and for any further relief deemed just.

## CONFERRAL CERTIFICATION

NAC's undersigned counsel attempted to confer with Lewis's counsel regarding this issue this afternoon by phone and email, but has not yet reached counsel. In accordance with the local rules, NAC will supplement this certification within three business days.

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on May 7, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and copies shall be served via email upon the following

Kevin Weisser, Esq.
Weisser Elazar & Kantor, PLLC
800 E. Broward Blvd.
Suite 510
Ft. Lauderdale, FL 33301
Telephone: 954-486-2623
Facsimile: 954-572-8695
kw@weklaw.com
jk@weklaw.com
service@weklaw.com
*Counsel for Lewis*

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
jhodges@hinshawlaw.com
*Counsel for NAC*