UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA

MEUATHA LEWIS AND
YVONNE WILSON,                                          CASE NO. 2:25-cv-355-JLB-NPM

        Plaintiff,

vs.

NATIONWIDE ASSURANCE
COMPANY,

        Defendant,
_____/

## NAC'S MOTION TO DISMISS AND TO STRIKE FEE CLAIM

The Defendant, Nationwide Assurance Company ("NAC"), moves to dismiss the Amended Complaint [DE 16] and to strike the statutory attorneys' fees claim asserted by the Plaintiffs, Meautha Lewis and Yvonne Wilson.

## I. INTRODUCTION

This action arises out of a property damage claim under a businessowner's policy. The Plaintiffs alleges that NAC breached the policy by "failing to adjust the loss…and by failing to properly respond to [its Fla. Stat. § 627.70152] presuit settlement demand." Failing to adjust the loss is a statutory issue that is not ripe on a breach of contract action, and should be dismissed even where couched as a breach of contract claim. Failing to comply with Fla. Stat. § 627.70152 cannot be brought because the statute provides no private right of action and, showing a clear intent to the contrary, bars admission of documents served pursuant to it as

evidence. As such, the Court should dismiss the complaint with leave to amend to assert a breach of contract action for benefits. The Court should also strike the Plaintiffs' fee claim because none of the statutes cited permit fee recovery.

## II. THE COMPLAINT'S ALLEGATIONS

The amended complaint [DE 16] is relatively brief, containing 17 paragraphs of allegations and one count titled as a breach of contract count. The complaint contains three paragraphs alleging that NAC failed to adjust the loss and that said failure constituted a breach of the policy [DE 16 ¶ 8, 9, and 15]. The amended complaint contains three paragraphs alleging that it served a presuit notice pursuant to Fla. Stat. § 627.70152, that NAC failed to respond, and that the failure constituted a breach [¶ 12, 13, and 15]. The amended complaint, however, makes no reference to the damage suffered or allegedly not paid and no reference to any policy provisions breached. Unlike its allegations regarding adjustment and the presuit notice, it makes only a single reference to payment of benefits, which is not even under the breach of contract count [¶ 9]. The amended complaint also demands fees under three statutes – Fla. Stat. § 627.428, § 626.9373, and § 627.70152 – which do not provide for fees [¶ 17].

## II. ARGUMENT AND LEGAL AUTHORITIES

**A.  MOTION TO DISMISS AND TO STRIKE STANDARDS**

The rules permit the Court to dismiss a complaint that fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (U.S. 2009). Factual allegations are taken as true and construed in the light most favorable to the plaintiff. *Pielage v. McConnell*, 516 F. 3d 1282, 1284 (11th Cir. 2008). Factual allegations, however, must be sufficient to plausibly allege the required elements. *Watts v. Fla. Int'l Univ.*, 495 F. 3d 1289, 1295-1296 (11th Cir. 2007). Formulaic recitation of elements is insufficient. *Iqbal*, 556 U.S. 662, 678. Conclusory allegations, unwarranted deductions of facts or legal conclusions masquerading as facts will not prevent dismissal. *Ozford Asset Mgmt., Ltd. v. Laharis*, 297 FR. 3d 1182, 1187 (11th Cir. 2002).

The rules also permit the Court to strike from a pleading legally insufficient claims or defenses or any redundant, immaterial, impertinent or scandalous matter. Fed. R. Civ. P. 12(f).

**B.    BAD FAITH ALLEGATIONS COUCHED AS BREACH OF CONTRACT MANDATE DISMISSAL.**

Bad faith is not ripe on a breach of contract action, and bad faith allegations even where couched as a breach of contract allegations mandate dismissal. *See Ceballos v. Ironshore Specialty Ins. Co.*, 2022 U.S. Dist. LEXIS 5316 (S.D. Fla. Jan. 11, 2022) (allegations that insurer "failed to…properly adjust" constituted premature

bad faith mandating dismissal even where this was a "breach of contractual obligations"); *see also Portofino S. Condo. Ass'n of W. Palm Beach, Inc. v. QBE Ins. Corp.*, 664 F. Supp. 2d 1265, 1267-1268 (S.D. Fla. 2009) (couching bad faith allegations under a count for something else still requires dismissal); *Isola Condo. Ass'n v. QBE Ins. Corp.*, 2008 U.S. Dist. LEXIS 101049 (S.D. Fla. Dec. 8, 2008) (same). The amended complaint's allegation that NAC failed to adjust—the first of two factual basis for the breach of contract count [DE 16 ¶ 15]—is improper and mandates dismissal.

## C.   NO CAUSE OF ACTION FOR FAILURE TO RESPOND TO PRESUIT NOTICE

To bring an action pursuant to a statute, the statute must provide a private right of action. *Murthy v. N. Sinha Corp.*, 664 So. 2d 983 (Fla. 1994). The specific intent to provide a private right of action must be clear on the fact of the statute; it cannot be implied. *Villazon v. Prudential Heath Care Plan, Inc.*, 843 So. 2d 842, 852 (Fla. 2003). The statute the Plaintiffs claim NAC violated, Fla. Stat. § 627.70152, does not provide a private right of action to sue for compliance. Fla. Stat. 627.70152. This is abundantly clear not only because it provides no such right, but also because it specifically renders the notice and response inadmissible in the breach of contract case. Fla. Stat. § 627.70152(6). The amended complaint's allegation that NAC breached this statute—<u>the second</u> of two factual basis for the

breach of contract count [DE 1-3, pgs. 6-8 ¶ 15]—is also improper and mandates dismissal.

**D.   NO VIABLE FEE CLAIM**

The Plaintiffs' amended complaint seeks fees under three statutes Fla. Stat. § 627.428, § 626.9373, and § 627.70152. Two of the statutes—Fla. Stat. § 627.428 and § 626.9373—were repealed before the subject policy even came into effect. Fla. Stat. § 627.428 (repealed on 3/24/23) and § 626.9373 (same). The third – Fla. Stat. § 627.70152—does not provide for fee entitlement at all. As such, the Plaintiffs' fee claim is legally insufficient on its face and should be stricken. Fed. R. Civ. P. 12(f).

WHEREFORE, NAC requests the Court dismiss the Plaintiff's amended complaint, strike their statutory fee claim, and grant any further relief deemed just.

## CONFERRAL CERTIFICATION

NAC's undersigned counsel certifies that he conferred with the Plaintiffs' counsel regarding this motion. Although additional conferral is ongoing, the Plaintiffs dispute the relief sought here at the present time. If this changes, NAC will notify the Court immediately.

    Respectfully submitted,

    HINSHAW & CULBERTSON LLP

    */s/ Joseph V. Manzo*
    Joseph V. Manzo
    Florida Bar No. 52309

2:25-cv-355-JLB-NPM

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on June 27, 2025, I electronically filed the foregoing with the Clerk of the Court by using the CM/ECF system and copies shall be served via email upon the following

Joseph Cafaro, Esq.
Weisser Elazar & Kantor, PLLC
800 E. Broward Blvd.
Suite 510
Ft. Lauderdale, FL  33301
Telephone: 954-486-2623
Facsimile: 954-572-8695
jc@weklaw.com
ma@weklaw.com
service@weklaw.com
*Counsel for Lewis*

HINSHAW & CULBERTSON LLP

*/s/ Joseph V. Manzo*
Joseph V. Manzo
Florida Bar No. 52309
2811 Ponce de Leon Blvd.
Suite 1000, 10th Floor
Coral Gables, FL 33134
Telephone: 305-358-7747
Facsimile: 305-577-1063
jmanzo@hinshawlaw.com
eriesgo@hinshawlaw.com
jhodges@hinshawlaw.com
*Counsel for NAC*