UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

MEUTHA LEWIS, YVONNE WILSON,

    Plaintiffs,

v.

                        Case No. 2:25-cv-355-KCD-NPM

NATIONWIDE ASSURANCE COMPANY,

    Defendant.
_____/

## ORDER

This is an insurance dispute stemming from Hurricane Milton. Plaintiffs Meutha Lewis and Yvonne Wilson submitted a flood claim that Defendant Nationwide Assurance Company will not pay. To recover the funds allegedly owed, Plaintiffs sue for breach of contract. (Doc. 16.)[1] Nationwide now moves to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) and strike Plaintiffs' attorney fee claim. (Doc. 17.) For the reasons below, the motion is denied.

To survive a motion to dismiss, "a complaint must contain sufficient facts, accepted as true, to state a facially plausible claim for relief." *Galette v. Goodell*, No. 23-10896, 2023 WL 7391697, at *3 (11th Cir. Nov. 8, 2023). "A claim is facially plausible if it pleads factual content that allows the court to

---

[1] Unless otherwise indicated, all internal quotation marks, citations, case history, and alterations have been omitted in this and later citations.

draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007).

When reviewing a motion to dismiss, courts must accept all factual allegations in the complaint as true and view the facts in the light most favorable to the plaintiff. *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007). Legal conclusions, however, "are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 664 (2009). And "conclusory allegations, unwarranted factual deductions or legal conclusions masquerading as facts will not prevent dismissal." *Davila v. Delta Air Lines, Inc.*, 326 F.3d 1183, 1185 (11th Cir. 2003). A motion to dismiss fails where the complaint provides facts that raise a right to relief above the speculative level.

Nationwide first argues that Plaintiffs' complaint is an improper, premature attempt to bring a "bad faith" claim because one paragraph states that Nationwide "fail[ed] to adjust the Loss" under the policy's terms. (Doc. 16 ¶ 15.) The Court disagrees. Plaintiffs have confirmed that they bring no bad faith claim, and the facts otherwise set forth a straightforward breach of contract. (Doc. 21.) The complaint alleges that Plaintiffs' property was insured by Nationwide, their loss was not properly adjusted, and Nationwide owes

2

money on the outstanding claim that it will not pay. These are run-of-the-mill allegations that the Court sees in numerous other insurance cases.

Nationwide separately argues that Plaintiffs improperly allege a breach under Fla. Stat. § 627.70452, which governs pre-suit notices of intent to initiate litigation. But the complaint does not claim that Nationwide violated this statute. It simply states that Plaintiffs provided a pre-suit settlement demand under § 627.70452. (Doc. 16 ¶¶ 12, 17.) So the Court need not analyze whether a nonexistent claim should be dismissed.

Finally, Nationwide moves to strike Plaintiffs' request for attorney fees because it relies on statutes that were repealed. (Doc. 17 at 3.) "[T]he statute[s] in effect at the time an insurance contract is executed governs substantive issues arising in connection with that contract." *Menendez v. Progressive Express Ins. Co., Inc.*, 35 So. 3d 873, 876 (Fla. 2010); *see also AM Crespi Miami LLC v. Century Surety Co.*, Case No. 22-23346-Civ-BLOOM/TORRES, 2024 WL 991788 (S.D. Fla. 2024). The record does not provide when the subject policy came into effect. So, at this point, the Court cannot determine whether the statutes cited are applicable or not. This issue is best left for summary judgment where the determinative facts are available to the Court.

One final issue. Plaintiffs claim that Nationwide is precluded from pressing any new arguments that were available (but not made) when it moved to dismiss the initial complaint. (*Compare* Doc. 3 *with* Doc. 16.) They rely on

3

Fed. R. Civ. P. 12(g)(2), which states: "Except as provided in Rule 12(h)(2) or (3), a party that makes a motion under this rule must not make another motion under this rule raising a defense or objection that was available to the party but omitted from its earlier motion." The Court need not address this procedural issue since Nationwide's motion fails on the merits.

Accordingly, it is **ORDERED**:

Defendant's Motion to Dismiss and to Strike Fee Claim (Doc. 17) is **DENIED**.

**ENTERED** in Fort Myers, Florida on October 30, 2025.

Kyle C. Dudek
United States District Judge